David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Debtor/Defendant Laura Owens

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Clayton Echard,<br><br>      Plaintiff/Judgment Creditor,<br><br>v.<br><br>Laura Owens,<br><br>      Defendant/Debtor | Adversary Case No. 26-ap-0007-BKM<br><br>Lead Bankruptcy Case No. 2:25-bk-11801<br><br>**DEFENDANT/DEBTOR LAURA OWENS' MOTION TO DISMISS** |

In re:

LAURA OWENS, aka
LAURA MICHELLE OWENS, aka
EMILY LAURA WILSON,

Debtor.

**Gingras Law Office, PLLC**
4802 E Ray Road, #23-271
Phoenix, Arizona 85044

Pursuant to Fed R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), Defendant/Debtor Laura Owens ("Ms. Owens") moves for an order dismissing Plaintiff/Judgment Creditor Clayton Echard's ("Mr. Echard") second cause of action in this adversary proceeding which alleges Ms. Owens' debts are ineligible for discharge pursuant to 11 U.S.C. § 727.

As explained below, Mr. Echard's second cause of action sounds in fraud and it accuses Ms. Owens of fraud. As such, the claim is *not* subject to the lenient and deferential pleading standards of Bankruptcy Rule 7008 and Fed. R. Civ. P. 8. Instead, the claim is subject to the heightened particularity requirements of Bankruptcy Rule 7009 which incorporates Fed. R. Civ. P. 9(b).

Mr. Echard's bare-bones fraud allegations do not meet the demanding requirements of Rule 9(b). Accordingly, the second cause of action must be dismissed.

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

## I. BACKGROUND

On December 8, 2025, Ms. Owens filed a voluntary *pro se* petition in this matter seeking relief under Chapter 7 of the Bankruptcy Code. Her petition claims she has no current income and no non-exempt assets of any significance.[1]

In addition to substantial unsecured debts, Ms. Owens' petition identified a primary secured debt – a judgment lien held by Mr. Echard in the amount of nearly $200,000. This sum represents attorney's fees and costs awarded to Mr. Echard in a previous family law proceeding and related appeal.

On January 9, 2026, Mr. Echard commenced this adversary proceeding with a Complaint that contains two distinct claims. *See* ECF Doc. 1. The first claim asserts the pre-petition debt of nearly $200,000 in attorney's fees is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) because it represents "willful and malicious" harm caused by Ms. Owens to Mr. Echard. Although that first claim is groundless for other reasons, it is not part of this motion and will be addressed later in this proceeding.

Mr. Echard's second claim is a bare-bones, *pro forma* allegation that some part of Ms. Owens' debts are ineligible for discharge pursuant to 11 U.S.C. § 727 because, "Upon information, Owens has knowingly and fraudulently presented false claims in this case to hinder the ability of creditors to ascertain her financial condition …."

As explained below, Mr. Echard's second cause of action accuses Ms. Owens of fraud. Accordingly, that claim is *not* subject to the far lower pleading standards of Bankruptcy Rule 7008 and Fed. R. Civ. P. 8. Instead, the claim is the required to meet the much stricter requirements of Fed. R. Civ. P. 9(b). There is no serious question Mr. Echard's unadorned, threadbare references to *some parts* of the elements of a claim under 11 U.S.C. § 727 are insufficient to satisfy Rule 9(b) as a matter of law. Accordingly, that claim should be dismissed.

---

[1] For the Court's information, concurrently with the present motion, undersigned counsel has filed a disclosure form, as required by 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), explaining he is representing Ms. Owens in this matter *pro bono*.

## II.    DISCUSSION

The Court is familiar with the well-worn standards for dismissal under Bankr. R. 7012 and Fed. R. Civ. P. 12(b)(6). Accordingly, this motion will get straight to the point.

Claims accusing a debtor of engaging in fraudulent conduct in violation of U.S.C. § 727 sound in fraud. For that reason, such claims are <u>not</u> subject to the lenient notice-pleading standards of Rule 8. Instead, allegations of fraud are subject to the heightened pleading requirements of Rule 9(b):

> Because a claim under § 523(a)(2)(A) sounds in fraud, <u>it must comply with Civil Rule 9(b), which provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.</u> ... To comply with Civil Rule 9(b), allegations of fraud must be specific enough to give the defendant notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the fraud claim and not just deny that they have done anything wrong. Thus, a complaint alleging fraud <u>must identify the</u> *<u>who, what, when, where, and how</u>* <u>of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement</u>*<u>, and why it is false</u>*.

*In re Houchin*, 2020 WL 3048194, *5 (9th Cir. BAP 2020) (emphasis added) (cleaned up) (quoting/citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

The high standards of Rule 9(b) are *not* superfluous. They exist for very good reason; "allegations of fraud must be pled with particularity under Rule 9(b) and such requirement protects 'the defending party's reputation, discourage[s] meritless accusations, and provide[s] detailed notice of fraud claims to defending parties.'" *In re Mascio*, 2025 WL 2304186, *4 (Bankr. D.Colo. 2025) (quoting *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011)); *see also Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (explaining, "Accusations of fraud can do serious damage to the goodwill of a business firm or a professional person. People should be discouraged from tossing such accusations into complaints in order to induce advantageous settlements or for other ulterior purposes. Rule 9(b) does that.")

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

3

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

Here, Mr. Echard accuses Ms. Owens of violating 11 U.S.C. § 727 in various ways, and his second cause of action contains inflammatory and derogatory allegations. But the claim is supported by nothing more than a superficial recital of *some* elements of the statute devoid of *any* well-pleaded factual support. It therefore violates Rule 9(b).

For instance, ¶ 38 of the claim alleges: "Upon information, within one year before the date of filing of the petition, Owens transferred, removed, destroyed, mutilated, or concealed, or has permitted any of these acts, certain property of the debtor with the intent to hinder, delay, or defraud a creditor in violation of 11 U.S.C. § 727(a)(2)(A)." This inflammatory allegation contains literally <u>no factual support of any kind</u>; it represents <u>nothing more than a hollow repetition of the statutory text</u>. It does not offer *any* well-pleaded facts explaining *what* Ms. Owens did to "transfer, remove, destroy" or otherwise conceal information or property, nor is there any explanation to show how that conduct affected Mr. Echard's ability to recover in any way.

As such, even if this claim were subject to the standards of Fed. R. Civ. P. 8 (which it is not), it would fail to clear even that low hurdle; "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, to the extent Mr. Echard's second cause of action contains any facts beyond a bare repetition of the statutory text of Section 727, those facts are wholly insufficient to satisfy the "exacting" requirements of Rule 9(b). Specifically, the <u>only</u> specific conduct mentioned by Mr. Echard is the following:

40. Upon information, Owens has knowingly and fraudulently presented false claims in this case to hinder the ability of creditors to ascertain her financial condition and the extent of her estate, including:

4

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

a. Denying the existence of a business partner or affiliate's pending bankruptcy action in the Voluntary Petition;

b. Denying that she has received income in the past two years in contradiction to previous statements made under oath.

Echard Compl., Doc. 1 at ¶ 40.

These allegations are patently insufficient to demonstrate a viable cause of action under 11 U.S.C. § 727 (even assuming the claim was subject to the *lower* standards of Rule 8, which it is not). At best, Mr. Echard claims Ms. Owens' petition somehow *failed to mention that a "business partner or affiliate"* had a pending bankruptcy petition. How that allegation, even if true, would support relief under any part of 11 U.S.C. § 727 is incomprehensible, thus mandating dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Furthermore, allegations of fraud made "on information and belief" (rather than based on specific, well-pleaded facts) are improper on their face and suggest a violation of the pre-suit investigation required by Rule 11. *See Bankers Tr. Co.*, 959 F.2d at 683 (explaining allegations of fraud based on "based on information and belief" are insufficient to satisfy Rule 9(b); "The allegations of fraud …[plaintiff] made in its complaint on "information and belief," [are] a <u>clearly improper locution under the current federal rules,</u> which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry <u>not satisfied by rumor or hunch</u>.") (emphasis added) (citing extensive authority); *see also ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 2011 WL 6296833, at *3 (D. Ariz. 2011) ("Allegations made on 'information and belief' are not sufficient 'unless the complaint sets forth the facts on which the belief is founded.") (citing/quoting *Laron, Inc. v. Constr. Resource Servs., LLC*, 2007 WL 1958732, *5 (D.Ariz. 2011); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[A]llegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b).")

5

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

1    To be sure, various courts have held, "the rule [9(b)] may be relaxed as to matters

2  within the opposing party's knowledge." *Moore*, 885 F.2d at 540. But that does not mean

3  a threadbare allegation based solely on "information and belief" will satisfy Rule 9(b);

4  "Allegations based on information and belief, however, require further factual support."

5  *Valley Pain Centers LLC v. Aetna Life Ins. Co*., 2023 WL 2933475, at *3 (D. Ariz. 2023)

6  (citing *Tesi v. ReconTrust N.A*., 2013 WL 2635613, at *4 (D. Ariz. 2013) ("[P]leading on

7  information and belief, without more, is insufficient to survive a motion to dismiss."))

8    Although courts may occasionally "relax" the heightened pleading standards of

9  Rule 9(b) when the information needed to establish a defendant's fraud is entirely

10  inaccessible to the plaintiff, that logic does not apply here – and for very good reason.

11  This is so because despite whatever Ms. Owens *may* have said about her income in the

12  distant past, Mr. Echard has actual knowledge that substantial reasons exist to support

13  Ms. Owens' claim that her *current* income is $0.

14    Mr. Echard knows this because as his Complaint explains, Ms. Owens was

15  recently indicted and charged with 14 felony counts relating to both Mr. Echard's case

16  and a separate matter. *See* Compl. ¶¶ 28, 29. As the alleged victim, Mr. Echard also

17  knows that on Sept. 2, 2025 (before this adversary matter was filed) the Maricopa County

18  Superior Court reviewed Ms. Owens' financial statements <u>and found her indigent</u>.

19

20

21

22

23

24

25

26

27

28

|  | |
|---|---|
| 3 | |
| 4  STATE OF ARIZONA, | Case No.: CR2025-006831-001 |
| 5         Plaintiff, | |
| 6      vs. | |
| 7  LAURA MICHELLE OWENS, | **ORDER** |
| 8         Defendant. | |

9

10    UPON Defendant's Request For Declaration Of Indigency And To Appoint

11  Investigator and Experts, and good cause appearing therefrom;

12    **IT IS ORDERED FINDING** Defendant indigent.    ~~Lne ORDS granted~~

13

14    **IT IS FURTHER ORDERED GRANTING** Defendant's request to ~~appoint an~~  *Rey*
    *and expert witness is deemed appropriate.*

15  ~~Investigator, a computer forensics expert, a video expert, and a medical doctor.~~

GINGRAS LAW OFFICE, PLLC
3941 E. CHANDLER BLVD., #106-243
PHOENIX, ARIZONA 85048

As these facts show,[2] this is *not* a situation where, as the Complaint alleges, "Owens has failed to explain, and cannot satisfactorily explain, loss or deficiency of assets to meet her liabilities." Comp. ¶ 41. Indeed, Mr. Echard knows that allegation is false and almost certainly constitutes an intentional violation of Fed. R. Civ. P. 11 (Ms. Owens does not seek sanctions against Mr. Echard under Rule 11 at this time, but she will do so if Mr. Echard is given leave to re-plead and he continues to allege facts which he knows are false or which he knows have no good faith basis).

At its core, Mr. Echard's own pleading admits *he does not know whether sufficient facts exist* to justify relief under 11 U.S.C. § 727. The Complaint admits this by asking this Court to "order the bankruptcy trustee to examine Owens's acts and conduct to determine *whether a ground exists for denial of discharge.*" Comp. ¶ 42 (emphasis added).

That allegation is a shocking admission – it shows Mr. Echard knowingly failed to comply with the mandatory pre-suit investigation requirements of Bankruptcy Rule 9011 and Fed. R. Civ. P. 11 which required him to conduct a reasonable inquiry into the facts before commencing this proceeding. Mr. Echard was also obligated, under Rule 11, to refrain from making factual allegations which he *knows* are false.

Obviously, if Mr. Echard had a valid Rule 11 basis to accuse Ms. Owens of lying about her current income/assets, Rule 9(b) required him to plead detailed facts to support that claim, subject to the penalties of Rule 11. Because he failed to do so, and because Mr. Echard has substantial reason to know Ms. Owens is, in fact, indigent and that she has *not* lied about her assets or income, there is no reason to "relax" the standards of Rule 9(b). For those reasons, this Court should dismiss the second cause of action.

---

[2] Of course, when considering a Motion to Dismiss, the Court ordinarily cannot consider matters outside the pleadings. However, the Court can consider matters which are properly subject to judicial notice; "In ruling on a motion to dismiss, the Court may consider "matters of judicial notice," *GovernmentGPT Inc. v. Axon Enter. Inc.*, 769 F. Supp. 3d 959, 977 (D.Ariz. 2025) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Ms. Owens' motion is therefore supported by a separate Request for Judicial Notice related to the Maricopa County Superior Court's indigency order.

### III. CONCLUSION

For the reasons stated above, this Court should dismiss Mr. Echard's second cause of action without prejudice. If leave to replead is sought, the Court should admonish Mr. Echard and his counsel that all pleadings filed in this matter must comply with, among other things, Fed. R. Civ. P. 11, and that any violation of those rules may lead to the imposition of sanctions or other relief.

DATED January 15, 2026.

GINGRAS LAW OFFICE, PLLC

David S. Gingras
Attorney for Debtor/Defendant
Laura Owens

Gingras Law Office, PLLC
3941 E. Chandler Blvd., #106-243
Phoenix, Arizona 85048