**WOODNICK LAW, PLLC**
1747 E. Morten Avenue, Suite 205
Phoenix, Arizona 85020
Telephone: (602) 449-7980
Facsimile: (602) 396-5850
office@woodnicklaw.com

Gregg R. Woodnick, #020736
Markus Risinger, #031524
markus@woodnicklaw.com

*Attorneys for Clayton Echard*

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA OWENS,<br>aka LAURA MICHELLE OWENS,<br>aka EMILY LAURA WILSON,<br><br>　　Debtor.<br>―――――――――――――――――<br>Clayton Echard,<br>　　Plaintiff,<br>v.<br><br>LAURA OWENS,<br>aka LAURA MICHELLE OWENS,<br>aka EMILY LAURA WILSON,<br><br>　　Defendant/Debtor. | Chapter 7<br>Case No.: 2:25-bk-11801-BKM<br>Adversary No.: 26-ap-0007-BKM<br><br>**RESPONSE TO DEFENDANT/DEBTOR LAURA OWENS'S MOTION TO DISMISS** |

　　Plaintiff/Judgment Creditor, Clayton Echard, hereby responds to Defendant/Debtor's Motion to Dismiss and <u>does not object</u> to the Defendant's request to dismiss Count II – Ineligibility for Discharge (11 U.S.C. § 727) of the Adversary Complaint without prejudice.

-1-

Plaintiff filed the Adversary Complaint before the meeting of creditors governed by 11 U.S.C. § 341 based on facial deficiencies of Defendant's voluntary Chapter 7 petition and sworn testimony in other recent matters. The § 341 meeting was continued and, as of the time of writing, Defendant has not completed Local Forms 2003-2(a)(1) or (a)(2) (the debtor's questionnaire and document checklist). Plaintiff anticipates that the § 341 meeting will be expanded and Rule 2004 exams will need to be conducted in this matter to ascertain the overall status of the Debtor's estate, financial condition, and eligibility for discharge.

Plaintiff denies that "*he does not know whether sufficient facts exist* to justify relief under 11 U.S.C. § 727" as Defendant's Motion asserts. Plaintiff made no such admission by asking the Court to order the Trustee to investigate further (just as 11 U.S.C. § 727(c)(2) allows). That said, given the nascency of the primary bankruptcy case, it would be inefficient for all parties to litigate this issue prematurely. In the interest of expediency, Plaintiff agrees to dismiss Count II from the Adversary Complaint without prejudice. Plaintiff anticipates repleading this claim in the future with the Court's permission pursuant to Rule 7015 and Fed. R. Civ. P. 15.

**THEREFORE**, Plaintiff does not object and moves the Court to dismiss Count II of the Adversary Complaint without prejudice.

DATED: January 20, 2026.

**WOODNICK LAW, PLLC**

Markus Risinger
*Attorney for Plaintiff/Creditor Clayton Echard*

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed |
| 2 | (or *served electronically) on<br>January 20, 2026 to: |
| 3 | |
| 4 | David Gingras*<br>Gingras Law Office, PLLC |
| 5 | David@GingrasLaw.com |
| 6 | *Attorney for Defendant/Debtor Laura Owens* |
| 7 | Terry Dake* |
| 8 | Terry A. Dake, LTD.<br>P.O. Box 9134 |
| 9 | Phoenix, AZ 85068-9134<br>tdake@cox.net |
| 10 | *Attorney for Bankruptcy Trustee Eric M. Haley* |
| 11 | Eric M. Haley* |
| 12 | P.O. Box 13390<br>Scottsdale, AZ 85267 |
| 13 | trustee@haley-law.com |
| 14 | *Bankruptcy Trustee* |
| 15 | By: /s/ Jordan Taylor |